[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiffs' motion to strike the First and Second Special Defense. The plaintiffs seek to have this court strike the First Special Defense by arguing that the assertion of contributory negligence on the part of the mother is barred by the doctrine of parental immunity. The plaintiff's next move to strike the Second Special Defense arguing that it is legally insufficient. For reasons more fully set forth below, this court grants both motions.
The First Special Defense of the defendant claims that:
 "The Plaintiff, Anna-leila Williams, was guilty of negligence which was a substantial factor in causing the occurrence complained of and any injuries, losses and damages alleged to have resulted therefrom, in that she failed to make reasonable use of his faculties and senses and by paying attention to and properly supervising the activities and actions of the minor Plaintiff."
The plaintiffs argue that this special defense is barred by the doctrine of parental immunity. The defendant counters this argument by claiming that because the special defense is asserted against a claim made by the parent for reimbursement for medical costs, the doctrine of parental immunity does not bar this action.
There is no appellate case law directly on point. The parties acknowledge that there is a split of authority on this issue in the Superior Court. There are a number of Superior Court cases which hold that, irrespective of whether or not the parent asserts a separate claim, the parental immunity doctrine bars the assertion of the contributory negligence defense. See e.g., Hart v. Torello, Superior Court, judicial district of New Haven, Docket No. 99-0421294 (September 24, 1999, Devlin, J.); Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.); and Feer v. Santini, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.). But see, Green v. Mancusi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128849 (January 18, 1994, Karazin, J.) and Benway v. Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, CT Page 12596 1992).
This court finds the reasoning of the cases disallowing the assertion of parental negligence as a defense, regardless of the absence or presence of a claim on behalf of the parent, to be most persuasive. Therefore, the plaintiffs' motion to strike the First Special Defense is granted.
The plaintiffs next seek to strike the Second Special Defense which alleges:
 "The Plaintiff has failed to plead a legally sufficient cause of action in Count Three because she had failed to properly plead the elements of a cause of action for negligent infliction of emotional distress, and therefore, the Defendant is entitled to Judgment in its favor on this Third Count."
The plaintiffs argue that this Special Defense is legally insufficient. The defendant counters that the defense is legally sufficient because it asserts that the special defense makes a factual assertion.
There is a split of authority within the Superior Court as to whether or not a Special Defense alleging, simply, legal insufficiency, should be stricken. A majority of courts seems to hold that such a special defense is, itself, legally insufficient. See e.g., Smith v. Walsh, Superior Court, judicial district of New Haven at New Haven, Docket No. 97-0406487 (December 24, 1998, Zoarski, J.); and Pozoukidis v. City of Bridgeport,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998, Mottolese, J.).
While acknowledging that its special defense claims legal insufficiency, the defendant seeks to distinguish its special defense from those cited in cases such as Smith and Pozoukidis. In the instant case the special defense states, not merely that the count is legally insufficient, but that the legal insufficiency of the plaintiffs' claim is due to their failure to state the necessary elements of the cause of action for negligent infliction of emotional distress. This court finds this argument unpersuasive. The Second Special Defense states legal conclusions which are not materially different from the allegations in the special defenses in Smith and Pozoukidis. Although the defendant claims that the negligent infliction emotional distress claim is legally insufficient, there is not a marked difference between this statement and a statement that the cause of action is legally insufficient. For this CT Page 12597 reason, the court grants the plaintiff's motion to strike the Second Special Defense.
Robinson, J.